Manly, Judge,
dissenting. The question presented for -our consideration is, whether the Supreme Court has the power to bring into the Court for revision, a case of ha-beas corpus tried and disposed of by' a judicial officer at Chambers. I am of opinion the Court has no such power, either by statute or at common law. • <
At the last term of the Court, in the matter of Bryan, 9 Jones, 34, the "Court held that it had original jurisdiction to issue the writ and to hear and decide causes. I was too unwell at the time to take part in the decision of that case, and gave no opinion in it. Subsequently, I gave.it. all proper consideration, and have been unable to-concur with any associates. ; The jurisdiction then assumed for the first ticas since the establishment of the Court, is of the gravest importance,, and Í deem it proper to put upon record, briefly, the reasons which influence me to dissent. These reasons will be found also to have an important hearing upon the case now before us. The question then made was, whether the Court had the power to grant the writ, (d habeas, corpus, as an. original writ to acquire jurisdiction. :
*327 Supposing the Court to have no common law jurisdiction, and to be conhimd within the limits prescribed by statute, the questi'n must be decided by the construction which shall bePut upon the Act of 1818, Bev. Code, ch. 33, sec. g ¡That part of the Act bearing upon óur inquiry is as fpdows:
11 The Couft shall have power to hear'and determine all questions of law brought’befóte it by appeal, or otherwise, from a Superior Court of law, and to hear and determine all cases in equity brought before it by appeal or removal from a Court of equity ; and in every case the Court may render such judgment, sentence, and decree, as on inspection of the whole record, it shall appear to them ought, in .law, to be rendered thereon ; and shall have original and exclusive jurisdiction in repealing letters patent, and shall also have power to issue writs of certiorari, scire facias, ha-beas corpus, mandimus, and all other writs which may be proper and necessary for the exercise of its jurisdiction, and agreeable to the principles and usages of law and it may, at its discretion,’ make the writs of execution which it may issue, returnable, either to the said Court, or to the Superior Court from whicli the cause may have been removed."
The whole of the passage quoted 'lescs-iNs. -ás I think, a purpose on the part of the Legislator.- >•> male, this Court a Court of appeals, authorizing it to hear only «us-n brought. Í into it by appeal or removal from tLe Courts below. The I first part of the passage quoted is appropriate to this pur-Ipose. The Act then gives the Court an original and exclu-Isive. jurisdiction, (using the words,) in repealing letters ■ patent; and it then proceeds to give tin: use of certain ■writs, which it was «asy to foresee,- might be needed for the ■full and effectual ‘'xercise or the jurisdictiou ■■ ranted, to wit, ■writs of. certiwari, suri facias, habeas corpus, mandamus, Jind all other necessary writs. .That the writs here specially *328 enumerated, .áre all in the category of ancillary writs, is inferrable from the fact that some of them are plainly and necessarily so, because rarely, if ever, used in any other way; and from the use of- the word other. In connection in which it stands, it must imply that some, ¡4 least, of the antecedently enumerated writs, were auxiliat: their nature, and provided as such. If it had been inte», ded to make the grant of auxiliary writs only, in the latter part of the clause in question, and to give power to the Court in respect to the previously enumerated writs, to use them for acquiring jurisdiction, either the order of the words would have been inverted, and the grant of auxiliaries would have followed immediately the grant of inci-pal powers, or the word ‘ other ’■ would have been dro ed, and it would have read, after the enumerated writs, d all writs which may he proper and necessary.
The words tc all other ” seem naturally to mean an indefinite extension of a class of writs, then partly enumerated. If the relative ‘ which ’ be extended at all beyond: the. words all other writs for an antecedent, it must be clearly referred to all the enumerated writs.
• íhave dwelt more'at length upon the phraseology of the Court Act, because I suppose its construction controls substantially the question which was then before the Court. If the power then exercised, be not there granted in terms, or by plain and necessary implication, it is not granted at' all. For the Court has no common law jurisdiction. It is the creature of the statute law, and has its powers limited and defined by that law. It possesses no greater capacity to take jurisdiction or to exercise power than the law gives. Other Courts of the State have, what is called a common law jurisdiction, that is to say, such powers as they have been accustomed to exercise under the approval of Our ancestors for immemorial time, and unless these powers aro *329 restrained by legislation, they may continue to exercise item indefinitely. It is not so in respect to tbis Court. It is created by statute and clothed with powers there specially defined. With a range of jurisdiction in the very highest regions of power exercised by human tribunals, it is nevera theless a limited range, defined by the written law.
A question of jurisdiction, therefore, in this and other Courts of the State, would be decided by a different course of inquiry. For, supposing the power in question to be one which had been exercised by the Courts of inferior jurisdiction from time immemorial, the inquiry in this Court would still be, has it been grafted to us, while in'the Courts below it would be, have they been restrained from its exercise.
The identity of the language used in the two statutes, the one constituting the Supreme Court of the United-States, the other the Supreme Court of this State, makes any discussion and, exposition of the one pertinent in respect to questions arising on the other. The United States Supreme Court Act has this provision: .“that all the before mentioned Courts of the United States shall have power to issue writs of scire facias, habeas corpus and all other writs not specially provided for by statute, which may be necessary for' the exercise of their respective jurisdictions and agreeable to the principles and usages of law.”
The power of the Court to issue the writ of habeas corpus cum causa came under discussion in the case of Bollman and Swartwont, 4 Crauch, 75. These men were in prison by order of the Circuit Court, for the District of Columbia, upon a charge of treason, and the Supreme Court of the United States ‘ in bank ’ order the writ, sustaining the motion for it upon the ground that it was auxiliary and incidental to the Court’s jurisdiction.
I have considered attentively this case and it seems to me that the point decided, as well as the course of reasoning of *330 the eminent Judge- who delivered the opinion, corroborate the view I have taken. In that case the Court was restrained from claiming the power as an independent power by the article in the Constitution defining its jurisdiction. We are precisely under á similar restraint through the law defining our jurisdiction. All law is obligatory alike. We are as much bound by the Act of the Legislature, establishing the Court and prescribing its jurisdiction, as the Supreme Court of the United States is bound by the limitations of its jurisdiction found in the Constitution.
If, therefore, the writ is not sought for in aid of a full exercise of the Court’s jurisdiction, it can not be granted.
Tito dicsa in the case of Bollinan and Swartwont can only be brought to bear favorably on the exercise of the power in question, upon the assumption that this Court has a jurisdiction as ot common right. If it have not, but be restrained by tlm terms of the Act, it is an authority the other way. This will be more intelligible by reference to the Constitution of the United States, where it will be found that the Constitutional restraint spoken of is the article defining the jurisdiction of the Court.
That this Court possesses no common law jurisdiction is further made manifest by a practical construction of the organic law from the beginning, ignoring any such jurisdiction, and by a current of authorities coming down from the period of the establishment of the Court, Whenever the subject has been discussed the language of the Court appears to have been uniform that its jurisdiction is defined and limited by shitulory enactments, and is, in no respect, derived from the common law. • The case of Binford vs. Alston, 4 Dev., 351, the American Bible Society vs. Hollister, 1 Jones Eq., 10, and Smith vs. Cheek, 5 Jones, 213, show this conclusively. It may be remembered that the Judge (Gaston) who delivered the opinion in the case of *331 Binford vs. Alston, and who speaks most explicitly of the source of jurisdiction, was the framer of our Court Act of 1818 ; and his opinion, therefore, apart from his acknowledged legal learning, should be considered' of special authority.
The question made at the last term in the case of Bryan may now be considered at rest, not only by the authority of that case, but also by the action of the Legislature. If is now provided that the Judges of this Court may issue writs of { habeas 'corpus ’ and make them returnable to the Court. This, by implication, confers the power to hear and determine them ; but it goes no further, and has no effect upon the question now before us, viz: whether the Court has a quasi appellate ór revisory power in' respect to the decisions of other tribunals. It seems to me to hold this would be a further disturbance of settled law. The Court lias now been established for upwards of forty years, and no necessity for the exercise of such a jurisdiction has been developed, unless the present condition of the country discloses one. Whether it does may be a proper subject for Legislative inquiry, and, if need be, for Legislative remedy.
To this time the whole course of legislation in the State has carefully avoided lddging an appellate or revisory power anywhere in matters of habeas corpus. It seems to have been designed by the assembly to give a summary and determinate remedy to the citizen for an imprisonment considered unlawful by any one of the Judges, or by any of the Courts in which they sit, and to leave parties to assert rights disputed .between them to the ordinary channels of litigation. It was never contemplated that .Constitutional questions and others affecting the public weal and private interests should be thus determined. ' The ordinary actions at law, provided to meet every possible requirement, have been considered the safer means of adjusting controversies, *332 and have been studiously preferred, as I infer from a review of our legislation. Sound reasons may be. given wby tbe Legislature should prefer that the use of the writ might be thus facile and speedy in its acti@n, rather than of the highest authority in its results. At any rate such has been the policy, as I conceive, and the judicature of the country has no power to reverse it. ,
The Act of the last Legislature, I have said, does not affect the question. There is no necessary connection perceived between the original jurisdiction conferred by the Act, and the revisory jurisdiction, which it claims to draw after it. The one is supplying what appears to be a casus (missus in the habeas corpus Act, and is in accordance with the policy of the State legislation ; the other reverses that policy. The sole effect of the Act is to add another to the one subject of original jurisdiction possessed by this Court.
Upon the whole, my opinion is that this Court has no right, at common law or by statute, to take jurisdiction of, and revise, a case of habeas corpus, tried before a Judge at chambers, either by writ of error, recordari, or other process.
It is conceded that a right to revise a case of habeas corpus may be as easily deduced from common law principles as a right to entertain original jurisdiction. As the one, however, does not necessarily follow the other, J have thought it due to the importance of the decision to file a separate opinion, .expressive of my views and showing why it is that I .cannot concur.
33y the Court. Let the motion be allowed. .